# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 10
The People &c.,
        Respondent,
    v.
Ali Cisse,
        Appellant.

Matthew Bova, for appellant.
Susan Axelrod, for respondent.
Brooklyn Defender Services et al.; The Brennan Center for Justice at NYU School of Law et al., amici curiae.

MEMORANDUM:

The order of the Appellate Division decision should be affirmed. Defendant impliedly consented to the monitoring and recording of his telephone calls (see United

- 1 -

States v Conley, 531 F3d 56, 58 [1st Cir 2008]; United States v Verdin-Garcia, 516 F3d

884, 894 [10th Cir 2008]; United States v Faulkner, 439 F3d 1221, 1224-1225 [10th Cir

2006]; United States v Hammond, 286 F3d 189, 192 [4th Cir 2002]; United States v Van

Poyck, 77 F3d 285, 292 [9th Cir 1996]; United States v Horr, 963 F2d 1124, 1126 [8th Cir

1992]; United States v Workman, 80 F3d 688, 696 [2d Cir 1996]; United States v Amen,

831 F2d 373, 378-379 [2d Cir 1987]). Thus, neither the recording of those phone calls nor

the admission of excerpts from the recorded calls violated the New York or federal

wiretapping statutes (CPL art 700; Penal Law §§ 250.00 [1], 250.05; 18 USC §§ 2510,

2511 [2] [e], 2515). Further, the recording of defendant's nonprivileged phone calls did

not violate his right to counsel under the New York State Constitution (see People v

Johnson, 27 NY3d 199 [2016]). Defendant's conclusory argument that his statements were

"involuntarily made" in violation of CPL 60.45 (2) (a) because of the conditions of his

confinement is devoid of record support.

The Appellate Division properly considered the suppression hearing record and the

colloquy with counsel to determine that the suppression court had concluded that the police

engaged in a level one encounter with defendant (see People v Nicholson, 26 NY3d 813

[2016]). The Appellate Division's further holding that the officer lawfully approached

defendant to request information – not, as defendant argues, to demand that he stop and

respond – based on an objective credible reason (see People v Hollman, 79 NY2d 181, 191

[1992]; People v DeBour, 40 NY2d 210, 223 [1976]), presents a mixed question of law

and fact. Because there is record support for the Appellate Division's determination, it is

beyond our further review (see People v Parker, 32 NY3d 49, 55 [2018]).

Defendant's claim of a violation of a due process right to prepare for trial is unpreserved for our review. His other arguments are unpersuasive.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, in a memorandum. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided February 21, 2019